LAW OFFICES OF VICKI I. SARMIENTO
A Professional Corporation
VICKI I. SARMIENTO, SBN 134047
333 N. Garfield Avenue
Alhambra, California 91801
vsarmiento@vis-law.com
Telephone: (626) 308-1171
Facsimile: (626) 308-1101

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, SBN 144074
21800 Burbank Blvd., Suite 310
Woodland Hills, California 91367
dalekgalipo@yahoo.com
Telephone: (818) 347-3333
Facsimile: (818) 347-34118

Attorneys for Plaintiffs: L.M., S.M-B, and CAROL MOTLEY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. by and through her guardian ad litem ASHLEY MCCAIN, individually and as successor in interest to the Estate of STEVEN MOTLEY; CAROL ADAMS, individual, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF REDDING, et al., <br><br> Defendants. | Lead Case No.: 2:14 CV-00767 MCE AC <br><br> (Consolidated with Case No.: 2:14 CV-01736 TLN CMK) <br><br> **EXPARTE APPLICATION FOR ORDER APPROVING MINOR'S L.M. COMPROMISE; MEMORANDUM OF LAW; DECLARATION OF VICKI I. SARMIENTO** <br><br> [Filed concurrently with Declaration of Petitioner Ashley McCain in Support of Compromise of Minor's Claims; [Proposed] Order] |
| S.M-B., a minor, by and through his guardian ad litem DAWN BIANCO, individually and as successor in interest to the estate of STEVEN MOTLEY, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF REDDING, et. al., <br><br> Defendant. | |

Petitioner Ashley McCain, Guardian Ad Litem for minor Plaintiff L.M., through her attorneys of record, hereby applies to the Court *ex parte* for an order approving the judgment of the claim of the minor Plaintiff and distribution of the settlement funds.

The grounds for this *ex parte* application are set forth in the attached Memorandum of Law and Declaration of Plaintiff's counsel, Vicki I. Sarmiento. Defense counsel, Dale Allen and Gary Goyette do not object to this Petition being brought on an *ex parte* basis.

The *ex parte* application will be based on this application and the attached declaration, the accompanying proposed order, the pleadings and papers on file herein, and such other and further matters as the Court deems necessary or appropriate.

DATED: June 4. 2019         LAW OFFICES OF VICKI I. SARMIENTO
                                 LAW OFFICES OF DALE K. GALIPO


By:    */s/ Vicki I. Sarmiento*
           VICKI I. SARMIENTO
           Attorneys for Plaintiffs

## MEMORANDUM OF LAW

C.D of California L.R. 17-1.2 provides that "no claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree". Petitioner Ashley McCain as Guardian Ad Litem for minor Plaintiff L.M. hereby submits a proposed order for the approval of the settlement obtained in the matter.

This case settled after extensive litigation and approximately one month prior to the scheduled trial date. On April 29, 2019, the parties attended a Settlement Conference with Magistrate Kendall Newman. This was the third settlement conference of this case. After several hours at the mediation, a conditional settlement was reached. The trial was vacated pending approval by the Board of the involved insurance carrier. Final approval was obtained on May 22, 2019.

This case was in litigation for approximately 5 years with the original complaint having been filed on March 25, 2014. There was extensive discovery, including approximately 15 depositions. Plaintiff's counsel also opposed Defendants' motion for summary judgment. Experts were retained by both sides and all were deposed excepting one defense police practice expert. Prior to the April 29th Settlement Conference, all pretrial documents, including motions in limine, oppositions and replies to motions in limine, memo of contentions of law, joint witness list, joint exhibit list, and the pretrial conference statement were filed. A Final Pretrial Conference was held on April 4, 2019. Motions in limine were argued and ruled upon by the Court, and the Order on the Final Pretrial Conference was issued. By stipulation between the parties and with the Court's permission, a witness deposition to serve as trial testimony was taken in Oregon due to the witness' unavailability to attend the scheduled trial. This witness deposition took place on April 24, 2019 in Bend, Oregon.

The case as to Plaintiffs represented by attorneys Dale K. Galipo and Vicki I. Sarmiento settled for a global amount of $1,500,000.   The breakdown of the global amount is as follows:  $550,000 for minor L.M. and $550,000 for minor S.B-M, and $400,000 for Carol Motley.  The minor's settlement, after reduction for attorney's fees and costs, will be structured through Atlas Settlement Group.

C.D of California L.R. 17-1.3 provides that "insofar as practical, hearings on petitions to settle, compromise, or dismiss a claim in an action involving a minor or incompetent person shall conform to Cal. Civ. Proc. Code § 372 and California Rule of Court 3.1384."  California Rules of Court § 7.955 sets forth multiple factors that the Court may consider in determining reasonable attorney's to satisfy an order for the Court to consider allocation of reasonable attorney's fees.  Among those factors are the following:  (a) the nature and length of the professional relationship between the attorney and the representative of the minor; (b) the experience, reputation and ability of the attorney or attorneys performing the legal services; (c) the time and labor required; and (d) the risk of loss borne by the attorney.  Federal courts act in conformity with California Code of Civil Procedure Section 372 and California Rule of Court 3.1384 with respect to petitions to settle, compromise or dismiss a claim in an action involving a minor or incompetent person.  These code sections refer to the requirement of court approval and incorporate other rules requiring disclosure of various pertinent facts.

Petitioner provides and discloses the required information in the accompanying Petition to Approve Compromise of the Minor, along with the declaration of counsel. Consequently, Petitioner and the undersigned counsel request approval on an ex parte basis to expedite the funding of the annuity for the minor.

///

///

**GOOD CAUSE EXISTS FOR DISPENSING WITH AN APPEARANCE**

This application is made on an ex parte basis because good cause exists for dispensing with a hearing as it will expedite the funding process for the minor's annuity as well as avoid hardship to Petitioner who will be required to travel from Redding to Sacramento to attend the hearing. The resolution was obtained after extensive litigation and was recommended by Magistrate Kendall Newman, approved by Petitioner Ashley McCain, and appears fair on its face. Attorneys for Petitioner are unaware of any person in a position to object to the proposed resolution, which is in the best interest of the minor. All legal matters filed as a result of the instant action pertaining to the death of Steven Motley have been resolved as to all Plaintiffs.

Accordingly, Petitioner respectfully requests that the Court approve the proposed order without a hearing.


DATED: June 4, 2019          LAW OFFICES OF VICKI I. SARMIENTO
                             LAW OFFICES OF DALE K. GALIPO


                             By: */s/ Vicki I. Sarmiento*_____
                                 Vicki I. Sarmiento
                                 Attorneys for Plaintiffs

## DISCLOSURE OF ATTORNEYS' INTEREST REQUIRED BY CALIFORNIA RULE OF COURT 7.951

(1) This petition was prepared by attorneys Vicki I. Sarmiento and Dale K. Galipo (hereafter "Plaintiffs' counsel").  Ms. Sarmiento's State Bar number is 134047 and her office is located at 333 N. Garfield Ave., Alhambra, California 91801.  Mr. Galipo's State Bar number is 144074 and his office is located at 21800 Burbank Blvd., Suite 310, Woodland Hills, California 91367.

(2) Plaintiffs' counsel did not become concerned with this matter at the instance of any party against whom the claims of said minor is asserted.

(3) Plaintiffs' counsel represents the minor Plaintiff in this matter but are not employed by any other party or any insurance carrier involved in the matter.

(4) Plaintiffs' counsel expect to receive additional compensation for its services in connection herewith from the gross settlement proceeds of the minor Plaintiff S.M-B and Carol Motley.

(5) Plaintiffs' counsel accepted this engagement for a contingency fee, plus reimbursement of costs advanced.  The retainer agreement for the minor Plaintiff provides for 40% attorney's fee recover for a litigated action, subject to Court approval.

(6) Plaintiffs' counsel was retained on or about November 4, 2013 and since that date to the present have actively been advocating for the rights of the minor Plaintiff. Plaintiff's counsel has kept abreast of the minor's well-being and maintained regular contact with her Guardian to ensure that she is apprised of all developments in the case.

(7) Plaintiffs' counsel obtained an excellent result for minor L.M. whose claims proved challenging due to the Defendants' position on cause of death, Decedent's activity on the day of the incident, and Decedent's alleged prior criminal history. Moreover, this case settled within approximately one month prior to trial after five

years in litigation, and after Plaintiffs' conducted all the pretrial briefing, deposed experts, and were actively preparing for trial.

This declaration is made declare under penalty of perjury pursuant to the laws of the State of California and the United States that the forgoing is true and correct.

Dated: June 4, 2019                    _/s/ Vicki I. Sarmiento_
                                       Vicki I. Sarmiento


Dated:  June 4, 2019                   _/s/ Dale K. Galipo_
                                       Dale K. Galipo

# DECLARATION OF VICKI I. SARMIENTO

I, Vicki I. Sarmiento, declare and state under penalty of perjury, as follows:

1. I am one of the attorneys of record for the minor Plaintiff L.M. by and through her Guardian Ad Litem Ashley McCain. I have personal knowledge of the facts contained in this declaration and if called to testify I could and would competently testify thereto.

2. **THE AGE, SEX AND RESIDENCE OF THE MINORS**

Minor L.M. is an 8-year-old female born in the year 2010 and will be eighteen years old in 2028. Minor L.M. resides with her mother, Ashley McCain in Redding, California.

3. **THE FACTS AND CIRCUMSTANCES GIVING RISE TO THE CLAIM:**

The Decedent, Steven Motley, was the natural father of L.M. The minor's claim arises from the death of her father Steven Motley during an encounter with multiple officers from the Redding Police Department on October 5, 2013. Plaintiffs alleged that Mr. Motley was unarmed and not resisting arrest when he was struck multiple times with batons, tased, and had weight applied while he was prone which restricted his ability to breathe. Plaintiffs further alleged that Mr. Motley died from restraint asphyxia. Mr. Motley died at the hospital on October 8, 2013. The Decedent died intestate and was not married. L.M. is Decedent's surviving child, along with minor S.M-B. A separate Petition will be filed for S.M-B.

4. **THE NATURE AND EXTENT OF THE INJURY:**

The minor lost the love, comfort, affection, society, and moral support of her father.

5. **PHOTOCOPIES OF ALL DOCTORS REPORTS RE CLAIMANTS' PRESENT CONDITION:**

Not applicable. Minor sought no medical treatment.

6. **NAME OF DOCTOR PROVIDING CLAIMANTS' TREATMENT:**

Not applicable. Minor sought no medical treatment.

7. **FEES REQUESTED BY COUNSEL**

Plaintiffs' counsel accepted this engagement for a contingency fee, plus reimbursement for any costs advanced. The retainer agreement provides for a forty percent (40%) attorneys' fee recovery for a litigated action subject to Court approval. This case was vigorously litigated for five years and settled approximately one month prior to the trial date. The parties exchanged extensive written discovery. The discovery materials included voluminous documents, hundreds of photographs, multiple witness interviews, reports from CHP, Shasta County, Redding Police Department, and documents from the District Attorney's Office. Approximately 15 depositions were taken in this case. Plaintiffs' counsel opposed Defendants' motion for summary judgment, prepared all pretrial documents, including filing and opposing multiple motions in limine. A Final Pretrial Conference was held where the motions in limine were argued and ruled upon by the Court.

Based on the complexity of the claims and the extensive litigation of the minor's claims, Plaintiff's counsel contend that their request for attorney's fees is in accord with attorney's fees for litigated actions involving minors.

8. **COSTS INCURRED**

Plaintiff's counsel advanced $49,465.32 in costs which includes filing fees, services of process, investigators, depositions, expert witnesses and related litigation expenses (**See Exhibit "A"**). Accordingly, the undersigned counsel request that the Court make a total award of attorney's fees and costs in the amount of $236,488.44.

9. **GROSS AND NET AMOUNTS OF SETTLEMENT**

After attorney's fees and costs, the sum of **$313,511.56 for L.M.** will be distributed to the minor plaintiff through a structured settlement. Petitioner on behalf of

9

L.M. has approved a structured of the remaining settlement proceeds of $313,511.56 for the minor, in accord with the attached addendum **(See Exhibit "B")**. The structured settlement will guarantee a payout of **$435,975.**

The settlement proceeds will be tendered to the Assignee, Pacific Life & Annuity Services, Inc., for purchase of an annuity in accord with **("Exhibit B")**. Atlas Settlement Group, Inc. will act as the annuity issuer. Attached hereto as **(See Exhibit "C")** is a copy of this rating information and a sample annuity policy. Pacific Life Insurance Company will act as Guarantor of the Assignee.

10. **DISTRIBUTION OF THE SETTLEMENT PROCEEDS**

Defendant, City of Redding, will prepare separate settlement drafts representing the funding of the annuity and the payment of attorney's fees and costs. The settlement drafts in the amount representing $313,511.56 to fund the annuity for the minor Plaintiff should be made payable to Pacific Life & Annuity Services, Inc., in the account of L.M. by and through her Guardian Ad Litem, Ashley McCain. The settlement draft representing $236,488.44 in attorneys' fees and costs should be made payable to Law Offices of Vicki I. Sarmiento, as attorneys for the minor Plaintiff.

After receipt of the settlement drafts from Defendants in the sum of $313,511.56 for the minor Plaintiff, Assignee will disburse payments to the minor Plaintiff starting at L.M.'s eighteenth birthday in accord with the terms outlined in the addendum attached hereto as **(See Exhibit "B").**

11. **AMOUNTS TO BE PAID TO OTHER CLAIMANTS:**

$550,000 to be paid to Decedent's son and $400,000 to be paid to Decedent's mother, Carol Motley. Each settlement draft will include the respective Plaintiff's name and the Law Offices of Vicki I. Sarmiento.

12. **PETITIONER HAS NO CLAIM AGAINST RECOVERY OF THE MINOR:**

Petitioner has none and makes no claim against the recovery of the minor. All proceeds are to be previously distributed as previously described.

13. **PROPOSED DEPOSITORY FOR MINOR'S SETTLEMENT PROCEEDS:**

The proposed depository for the minor's settlement proceeds is $313,511.56. It is not contemplated that any withdrawals will be made from the minor's settlement proceeds prior to their attainment of the age of majority.

14. **NOTICE REQUIREMENT UNDER WELFARE AND INSTITUTIONS CODE SECTION 14124.73:**

No notice of the actions or claims have been given under Welfare and Institutions Code Section 14124.73.

15. **PAYMENT OF MONEY TO SPECIAL NEEDS TRUST:**

This petition does not request any order for payment of money to any special needs trust.

16. **DILIGENT INQUIRY BY PETITIONER:**

Petitioner has made a careful and diligent inquiry and investigation to ascertain the facts relating to the incident giving rise to the minor's claims, the parties responsible for the incident, and the nature, extent and seriousness of the minor's claims. Petitioner further understands that if the compromise proposed in this Petition is approved by the Court and is consummated, the claimant will be forever barred from seeking any further recovery of compensation even through the claimant's loss might in the future appear to be more serious than they are now thought to be. Petitioner is informed and believes that the minor has made a sufficient recovery from the effects of her loss so as to justify the resolution of this matter in accord with the terms of the settlement agreement.

17. **PETITIONER RECOMMENDS THE COMPROMISE SETTLEMENT:**

Petitioner recommends the compromise resolution to the Court as being fair,

reasonable, and in the best interest of the minor and requests that the Court approve this compromise resolution and make such other and further order as may be just and reasonable. (*See* Declaration of Petitioner Ashley McCain filed concurrently herewith).

18. **NOTICE OF APPLICATION TO DEFENSE COUNSEL:**

I gave notice of this application to Defense counsel Dale Allen and Gary Goyette on June 4, 2019. Mr. Allen and Mr. Goyette do not object this *ex parte* application.

I declare under penalty of perjury to the laws of the United States that the foregoing is true and correct. As to those items under information and belief, I believe them to be true.

Executed on June 4, 2019, at Alhambra, California.


/s/ Vicki I. Sarmiento

# EXHIBIT "A"

# COSTS SHEET

RE: L.M., et al v. City of Redding, et al          D/A: 10/5/13

| DATE: | DESCRIPTION: | AMOUNT: |
|-------|--------------|---------|
| 11/05/13 | Shasta Co. Coroner (Coroner's Report Fee) | $14.00 |
| 11/27/13 | Sean Ditty (Investigation Fees) | $1,445.25 |
| 01/28/14 | FedEx (Carol Adams-Mail of Medical Records) | $85.45 |
| 01/31/14 | Sean Ditty (Investigation Fees) | $99.80 |
| 03/25/14 | USDC (Filing of Complaint fee) | $400.00 |
| 11/12/14 | Sean Ditty (Investigation Fees) | $383.51 |
| 03/31/15 | Shasta Co. SD (Autopsy Photos fee) | $7.00 |
| 03/31/15 | AT Conference (conf call) | $3.48 |
| 04/13/15 | Mercy San Juan Medical Center (Billing Records) | $15.00 |
| 04/13/15 | Mercy Medical center (medical records) | $15.00 |
| 04/30/15 | AMR (Ambulance Records) | $15.00 |
| 05/08/15 | Healthport (Mercy SJ Copy fee) | $29.21 |
| 08/04/15 | Nationwide Legal (Mercy Redding & Mercy SJ Billing by subpoena documents fee) | $74.50 |
| 02/05/16 | Southwest Airlines (Motley Settlement Conference) (VIS) | $177.96 |
| 03/03/16 | Red Lion Inn (Room for Carol Motley) | $79.00 |
| 03/03/16 | Airport Taxi (fare to and from airport-Settlement Conference) | $92.00 |
| 05/17/16 | Sean Ditty (Investigation fees) | $763.00 |
| 06/15/16 | Best Western (Plaintiffs & Officer Depos) | $336.58 |
| 06/15/16 | United Airlines (DKG Flight to Depos) | $691.20 |
| 06/15/16 | United Airlines (VIS Flight to Depos) | $691.20 |

# COSTS SHEET

RE: L.M., et al v. City of Redding, et al.          D/A: 10/5/13

| DATE: | DESCRIPTION: | AMOUNT: |
|-------|--------------|---------|
| 05/22/16 | Delta Hawk Services (DKG Pick-up from Airport) | $5.50 |
| 05/22/16 | Delta Hawk Services (VIS Pick-up from Airport) | $5.50 |
| 06/30/16 | Lynden J. & Associates (Transcription of Witnesses Statements) | $260.00 |
| 06/30/16 | Uber (Carol Motley Uber Trip from depo) | $21.31 |
| 07/07/16 | Sean Ditty (Service of Subpoena to DA) | $75.00 |
| 08/01/16 | Anderson Depo Reporting (Officer depo transcripts) | $1,802.40 |
| 08/01/16 | Fedex (overnight mailing to defense) | $35.64 |
| 08/01/16 | Sean Ditty (serving 2nd subpoena to DA) | $75.00 |
| 09/02/16 | Atkinson Baker (Depo transcript of Porter) | $435.40 |
| 09/02/16 | Atkinson Baker (Depo transcript of Josselson) | $457.45 |
| 09/02/16 | AT Conference call (Josselson depo) | $55.07 |
| 09/13/16 | Shasta Co. DA Office (fee for copy of subp docs from DA) | $448.49 |
| 11/14/16 | Fed Ex (docs from DA sent by Ditty) | $58.37 |
| 11/30/16 | Sean Ditty (locating witnesses Dane Spence & Katie Garroute) | $83.00 |
| 11/30/16 | Sean Ditty (fee of picking up DA file) | $107.75 |
| 12/08/16 | Lynden J (transcript of witness interviews) | $296.00 |
| 12/14/16 | Lynden J (transcripts of witness interviews) | $768.50 |
| 01/19/17 | Dr. Ronald O'Halloran (expert retainer) | $3,200 |
| 01/27/17 | Roger Clark (expert retainer) | $3,500 |
| 02/16/17 | Expert Ronald L. O'Halloran, M.D. (2nd invoice) | $15,200 |

# COSTS SHEET

RE: L.M., et al v. City of Redding, et al.                    D/A: 10/5/13

| | | |
|---|---|---|
| 03/01/17 | Sean Ditty (Investigation fees) | $275.00 |
| 03/10/17 | FedEx Mailing to all Plaintiffs | $69.21 |
| 07/13/17 | Scott Seaman-Defense Expert (Depo fee) | $525.00 |
| 07/18/17 | Gary M. Vilke-Defense Expert (Depo fee) | $2,250 |
| 08/10/17 | Esquire Depo Solutions- (Depo Transcript of Scott Seaman) | $585.65 |
| 04/02/18 | Southwest (Settlement Conf. flights) | $350.96 |
| 04/12/18 | Uber/Taxis fees to and from Airport (settlement conf.) | $78.68 |
| 07/06/18 | Sean Ditty (served subpoena) | $75.00 |
| 02/15/19 | Parking fee-(Roger Clark's depo) | $24.00 |
| 02/19/19 | Network Depo-(Depo Transcript of Ronald O'Halloran) | $654.70 |
| 04/04/19 | Southwest- (Flights to PT Conf) | $733.92 |
| 04/22/19 | Expedia-(Flights for Katie Garroutte Depo) | $885.20 |
| 04/22/19 | American Airlines (luggage fees) | $48.54 |
| 04/23/19 | Hampton Inn Hotels-(Katie's Depo) | $343.32 |
| 04/23/19 | Ubers for travel to Katie's depo (around trip) | $161.29 |
| 04/24/19 | Southwest (Settlement conf 4/29/19-VIS) | $380.96 |
| 04/29/19 | Hilton Inn (Settlement Conf.) | $143.78 |
| 04/29/19 | Southwest – (change fee) | $67.00 |
| 04/29/19 | Uber-(round trip travel to settlement conf.) | $144.54 |
| 05/10/19 | Atkinson Baker-videographer for Katie Garroutte's depo | $589.50 |
| 05/10/19 | Atkinson Baker (depo transcript of Katie Garroutte) | $1,472.55 |

## COSTS SHEET
RE: L.M., et al v. City of Redding, et al.                    D/A: 10/5/13

| | | |
|---|---|---|
| 5/16/19 | Fedex (mailings to plaintiff, and Garoutte) | $64.00 |
| | Marc Pelta-(prior attorney costs for gas, hotel, scanning of file) | $2,156 |
| | Ronald O'Halloran (Expert final bill) | $5,078 |
| | **TOTAL COSTS** | **$49,465.32** |

**EXHIBIT "B"**

## ATTACHMENT TO PETITION AND ORDER APPROVING
## FOR MINORS COMPROMISE

From the total gross settlement the Defendant, the City of Redding, will issue a separate settlement check in the amount of $313,511.56 to fund and purchase the structured annuity for the minor Plaintiff L.M., by and through her Guardian ad Litem Ashley McCain. The check will be made payable to Pacific Life & Annuity Services Inc. (hereinafter referred to as "Assignee") which will provide the following periodic payments in Section A to be made by Pacific Life Insurance Company, (hereinafter referred to as "Annuity Carrier") rated A+ Class XV by A.M. Best Company.

The details of the periodic payments will be set forth in section (A), hereinbelow. All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal physical injuries or physical illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

A)    Payments:

### Periodic payments payable to L.M. :

$15,000.00 Lump Sum Payment on 10/21/2028
$20,000.00 Lump Sum Payment on 10/21/2030
$20,000.00 Lump Sum Payment on 10/21/2032
$25,000.00 Lump Sum Payment on 10/21/2034
$30,000.00 Lump Sum Payment on 10/21/2036
$35,000.00 Lump Sum Payment on 10/21/2038
$116,675.00 Lump Sum Payment on 10/21/2040

### Periodic payments payable to Ashley McCain:

$1,500.00 Payable Monthly, Guaranteed 6 years and 1 month only,
Commencing on 9/1/2019, with the last payment on 9/01/2025

$1,800.00 Payable Monthly, Guaranteed 3 years only,
Commencing on 10/21/2025, with the last payment on 9/21/2028

The Defendant will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee, of the Defendant's liability to make the periodic payments described in paragraph (A) herein. Such assignment, if made, shall be accepted by the Plaintiff without right of rejection and shall completely release and discharge the Defendant from such obligations hereunder as are assigned to Assignee.

The Defendant shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset", within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier.

The Assignee shall be the owner of the annuity policy or policies, and shall have all rights of ownership. The Assignee shall have Annuity Carrier mail payments directly to the Plaintiff. The Plaintiff shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee.

# EXHIBIT "C"



# PACIFIC LIFE
CELEBRATING 150 YEARS



## STRENGTH
## PERFORMANCE
## PROTECTION

Recognized as a leader in the financial services industry with more than 150 years of experience, Pacific Life attributes its success to a commitment to long-term stability, growth, and outstanding customer service. This commitment is reflected in our consistently high ratings received from the rating agencies.

## Pacific Life Insurance Company's organization is relatively unique as we are part of a mutual holding company structure.

We are not a publicly traded company; therefore, we do not need to consider performance of a stock price when making decisions.

| Pacific Life Insurance Company and Pacific Life & Annuity Company Ratings | | | |
|---|---|---|---|
| **A.M. Best**<br>**A+** (Superior) | **Standard & Poor's®**<br>**AA–** (Very Strong) | **Fitch Ratings Ltd.**<br>**A+** (Strong) | **Moody's Investors Service**<br>**A1** (Good) |
| Second highest of 16 ratings | Fourth highest of 21 ratings | Fifth highest of 21 ratings | Fifth highest of 21 ratings |
| Ratings range: **A++ to S**<br>(Superior to Suspended) | Ratings range: **AAA to R**<br>(Extremely Strong to Regulatory Action) | Ratings range: **AAA to C**<br>(Exceptionally Strong to Very Weak) | Ratings range: **Aaa to C**<br>(Exceptional to Extremely Poor) |

Ratings as of February 2018. For current ratings, visit www.PacificLife.com/Ratings.

Insurance products are issued by Pacific Life Insurance Company in all states except New York and in New York by Pacific Life & Annuity Company. Product availability and features may vary by state.

**No bank guarantee • Not a deposit • May lose value**
**Not FDIC/NCUA insured • Not insured by any federal government agency**

# WHAT THE RATINGS MEAN

| A.M. Best | | Standard & Poor's | | Fitch | | Moody's | |
|---|---|---|---|---|---|---|---|
| A++ | Superior | AAA | Extremely Strong | AAA | Exceptionally Strong | Aaa | Exceptional |
| **A+** | **Superior** | AA+ | Very Strong | AA+ | Very Strong | Aa1 | Excellent |
| A | Excellent | AA | Very Strong | AA | Very Strong | Aa2 | Excellent |
| A– | Excellent | **AA–** | **Very Strong** | AA– | Very Strong | Aa3 | Excellent |
| | | A+ | Strong | **A+** | **Strong** | **A1** | **Good** |
| | | A | Strong | A | Strong | A2 | Good |
| | | A– | Strong | A– | Strong | A3 | Good |
| B++ | Very Good | BBB+ | Good | BBB+ | Good | Baa1 | Adequate |
| B+ | Very Good | BBB | Good | BBB | Good | Baa2 | Adequate |
| B | Fair | BBB– | Good | BBB– | Good | Baa3 | Adequate |
| B– | Fair | BB+ | Marginal | BB+ | Moderately Weak | Ba1 | Questionable |
| | | BB | Marginal | BB | Moderately Weak | Ba2 | Questionable |
| | | BB– | Marginal | BB– | Moderately Weak | Ba3 | Questionable |
| | | B+ | Weak | B+ | Weak | B1 | Poor |
| | | B | Weak | B | Weak | B2 | Poor |
| | | B– | Weak | B– | Weak | B3 | Poor |
| C++ | Marginal | CCC+ | Very Weak | CCC+ | Very Weak | Caa1 | Very Poor |
| C+ | Marginal | CCC | Very Weak | CCC | Very Weak | Caa2 | Very Poor |
| C | Weak | CCC– | Very Weak | CCC– | Very Weak | Caa3 | Very Poor |
| C– | Weak | CC | Extremely Weak | CC | Very Weak | Ca | Extremely Poor |
| | | | | C | Very Weak | C | Extremely Poor |
| D | Poor | R | Regulatory Action | | | | |
| E | Under Regulatory Supervision | | | | | | |
| F | In Liquidation | | | | | | |
| S | Suspended | | | | | | |

Pacific Life Insurance Company and Pacific Life & Annuity Company ratings as of February 2018 are in bold. Sources: Companies listed. A.M. Best, Standard & Poor's, Fitch Ratings Ltd., and Moody's Investors Service ratings are based on financial strength. These ratings do not apply to the safety or performance of the separate accounts funding Pacific Life's variable products. These ratings reflect the claims-paying ability only and are not a guarantee of future performance.

While ratings can be objective indicators of an insurance company's financial strength and can provide a relative measure to help select among insurance companies, they are not guarantees of the future financial strength and/or claims-paying ability of a company and do not apply to any underlying variable investment options. The broker/dealer or the insurance agency from which an annuity may be purchased and any affiliates of those entities are not affiliated with the rating agencies, are not involved in any rating agency's analysis of insurance companies, and make no representations regarding the quality of the analysis conducted by the rating agencies.

Pacific Life refers to Pacific Life Insurance Company and its affiliates, including Pacific Life & Annuity Company. Insurance products are issued by Pacific Life Insurance Company in all states except New York and in New York by Pacific Life & Annuity Company. Product availability and features may vary by state. Each insurance company is solely responsible for the financial obligations accruing under the products it issues.

MUC0155-0218

Mailing addresses:
Pacific Life Insurance Company
P.O. Box 2378
Omaha, NE 68103-2378
(800) 722-4448

In New York, Pacific Life & Annuity Company
P.O. Box 2829
Omaha, NE 68103-2829
(800) 748-6907

www.PacificLife.com



PACIFIC LIFE
CELEBRATING 150 YEARS

SAMPLE

No._____

**Statement of Irrevocable Guarantee**

Claimant:_____     Date of Qualified Assignment_____

Pacific LifeCorp (PLC), a stock holding company domiciled in the State of Delaware, hereby states and represents as follows:

    *Whereas*, PLC has created Pacific Life & Annuity Services, Inc. (PLASI), a wholly-owned subsidiary domiciled in the State of Colorado, to act as assignee and third-party owner with respect to Qualified Assignments as provided in Section 130(c) of the Internal Revenue Code;

    *Whereas*, PLASI has entered into a Qualified Assignment in the above referenced case; and

    *Whereas*, PLC guarantees all of the obligations of PLASI, including the above referenced obligation.

    *Now, therefore*, PLC states that if PLASI shall fail to make any payment as assumed under said Qualified Assignment, then PLC, by virtue of said guarantee of all of the obligations of PLASI, shall make such payment as and when due.

This statement is executed and signed this _____ day of _____, _____

       Pacific LifeCorp

       *Audrey L. Milfs*

       Audrey L. Milfs
       Vice President and Secretary

SAMPLE



SPECIMEN

# INDIVIDUAL SINGLE PREMIUM SETTLEMENT ANNUITY CONTRACT

## Annuity Payments to be Made to Owner's Designee

Pacific Life Insurance Company, a stock company, ("Pacific Life") will pay annuity payments to the contract Owner, or such person(s) as the contract Owner may designate, subject to the provisions of this and the following pages which are made a part of this contract, according to the attached Contract Data page(s).

**READ YOUR CONTRACT CAREFULLY**. This contract is a legal contract between the contract Owner and Pacific Life. Pacific Life is a stockholder owned company. As such, purchasing and owning a Pacific Life contract does not confer any membership rights nor ownership rights in Pacific Life or any other company affiliated with Pacific Life.

**Free Look Right** – At any time within 10 days after you receive this contract, you may return it to us or the broker through whom you bought it. We will refund any premium paid less any annuity payments made.

This Contract is issued in consideration of the application and payment of premium.

This contract is executed for Pacific Life at Newport Beach, California, to be effective as of the Contract Date.

### PACIFIC LIFE INSURANCE COMPANY

*James T. Morris*

*Jane M. Guon*

Chairman and Chief Executive Officer                 Secretary

**Single Premium Settlement Annuity**
**Immediate Annuity – No Cash Value**
**Non-Participating – No Annual Dividends**
**Annuity Payments Specified in Contract Data**
**Annuities Payable in Fixed Dollar Amounts**

## TABLE OF CONTENTS

**CONTRACT DATA** .................................................................................1

**GENERAL PROVISIONS** ....................................................................2-3

SPECIMEN

Contract Number: 20129999      Contract Date: April 1, 2012

Owner: PACIFIC LIFE & ANNUITY SERVICES, INC.

SPECIMEN

## SCHEDULE OF BENEFITS

**Measuring Life:**     JOHN DOE
**Payee Name:**     JOHN DOE
**Contract/Certificate No.:** 27545-99999

**Benefits paid:**

   (Please see Application.)

----------------------------------------------    **END**    ----------------------------------------------

NO BENEFITS, INCLUDING ANY DEATH BENEFITS, ARE PAYABLE EXCEPT ON THE DATES AND IN THE AMOUNTS SET FORTH ABOVE.

**SERVICE CENTER**

**Send Forms and written requests to:**

Pacific Life Insurance Company
P.O. Box 84307
Lincoln, NE 68501-4307

**Hours:** Between 6:00 am and 5:00 pm, Pacific Standard Time.
**Toll-Free Number for Contract Owners:**    1-888-728-5611

Please use our toll-free number to present inquiries or obtain information about your coverage and for us to provide assistance in resolving complaints or you may call your state insurance department at 1-303-894-7490.

ICC11:10-1213      09-11

# GENERAL PROVISIONS

**Cash Values** – This Contract does not have cash or surrender values and cannot be surrendered in exchange for a lump sum.

**Owner of Contract** - The Owner of this Contract will be entitled to the rights granted by this contract or allowed by Pacific Life under this Contract. If the owner is a partnership, the rights belong to the partnership as it exists when a right is exercised. If the owner is an individual, upon the death of the owner, the rights belong to the executor or administrator of the owner's estate unless otherwise provided in this contract.

**Change of Designation** - The owner has the right at any time to designate to whom annuity payments will be made. A change of designation may only be made by filing a satisfactory written notice with Pacific Life. A change of designation will not be in effect until recorded at the administrative office of Pacific Life. The change of designation shall be effective on the date the notice of change is signed by the owner, unless otherwise specified by the owner. Any payment made before Pacific Life records a change of designation will not be changed.

**Change of Owner** - A change in owner shall be effective on the date the notice of change is signed by the owner, unless otherwise specified by the owner, subject to any payments made or actions taken by Pacific Life prior to its' receipt of the notice of change. However, assignment of this contract will not be binding on Pacific Life until it is recorded at its administrative office. Pacific Life assumes no responsibility for the sufficiency or validity of any assignment. However, when an assignment is filed with Pacific Life and recorded at the administrative office, the Owner's rights will be subject to it.

**Measuring Life** – The Measuring Life is a natural person on whose life the benefit payments are based. There may be more than one Measuring Life under the Contract.

**Beneficiary** – Any annuity payments to be made after the death of any Measuring Life shall be made to such party as shall have been designated as Beneficiary in the Application or, if the Application does not provide for such designation, then to the Beneficiary designated in conformity with this provision. If no Beneficiary is living at the time of the death of a Measuring Life, payment shall be made to the decedent's estate. No designation or change of designation of a Beneficiary shall be effective unless such change (i) is requested in a written request submitted to Pacific Life in accordance with Pacific Life's customary procedures for processing such requests; and (ii) is confirmed by Pacific Life. The change of designation of Beneficiary shall be effective on the date the notice of change is signed by the owner, unless otherwise specified by the owner, subject to any payments made or actions taken by Pacific Life. Except for a designation that has been expressly identified in the Application as irrevocable, any designation of a Beneficiary shall be deemed to be revocable; and no party that is designated as a Beneficiary (other than a party irrevocably designated as a Beneficiary in the Application) shall, solely by virtue of its designation as a Beneficiary, be deemed to have any cognizable interest in any annuity payments.

**Incontestability** – Pacific Life will not contest the validity of this Contract.

**Payment of Proceeds** - If the Schedule of Benefits provides for the payment of benefits as long as a Measuring Life shall live, Pacific Life has the right before any payment is made to require due proof that the Measuring Life is living on the payment date, but may not require this proof more than once in any twelve-month period. For such benefits, no fractional payment will be made for the period from a payment date to the date of death of a Measuring Life.

If the Schedule of Benefits provides for payment of any benefits by reason of the death of a Measuring Life, due proof of death of the Measuring Life must be submitted to the administrative office of Pacific Life before such payment is made.

**Misstatement of Age or Sex** - If the age and/or sex of a Measuring Life has been incorrectly stated, any amount payable under this contract shall be such as the premium paid would have purchased at the correct age and/or sex according to the rate used by Pacific Life to originally purchase the benefits. Any underpayments or overpayments made by Pacific Life shall be added to or deducted from the payments to be made after the adjustment with interest at 3% per annum.

Page 2

**General Provisions - continued**

**Non-Participating –** This Contract is classified as a non-participating contract. It does not participate in our profits or surplus, and therefore no dividends are payable.

**The Contract -** This Contract is issued in consideration of the application and payment of the premium. This Contract and the application for it, a copy of which is attached to and made a part of this Contract, constitute the entire Contract. All statements made by or for the applicant will be considered representations and not warranties. No statement shall void this Contract or be used in defense of a claim unless it is contained in the written application and a copy of the application is attached to this Contract when issued.

**Who is Authorized to Make Changes in this Contract -** No agent has authority to change this contract or to waive any of its provisions. No change, modification, or addition to this contract shall be valid unless evidenced by written endorsement hereon or written amendment hereto signed by the president and secretary of Pacific Life.

**Conformity with Interstate Insurance Product Regulation Commission Standards –** This contract was approved under the authority of the Interstate Insurance Product Regulation Commission and issued under the Interstate Insurance Product Regulation Commission standards. If there is any Contract provision that is in conflict with any Interstate Insurance Product Regulation Commission standards applicable to this Contract when this Contract was issued, the provision is amended to conform to that standard. Any such amendment is effective on the Contract Date.



Pacific Life Insurance Company ● 700 Newport Center Drive ● Newport Beach, CA 92660

## SINGLE PREMIUM SETTLEMENT ANNUITY CONTRACT

**Single Premium Settlement Annuity**
**Immediate Annuity – No Cash Value**
**Non-Participating – No Annual Dividends**
**Annuity Payments Specified in Contract Data**

**NOTICE:  PACIFIC LIFE IS AN EQUAL OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYER**

Pacific Life is an Equal Opportunity and Affirmative Action Employer and agrees to comply with all the provisions contained in Executive Order No. 11246, including specifically the Equal Employment Opportunity clause in Section 202, the Vietnam Era Veteran's Readjustment Assistance Act of 1974, Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. 793, and implementing rules and regulations 41 CFR 60-1.4, 41 CFR 60-250.5 and 41 CFR 60-741.5(a), all amended and revised and hereby incorporated herein by specific reference, as though fully set forth herein.