# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.M. by and through her Guardian Ad Litem ASHELY MCCAIN, individually and as successor in interest to the Estate of STEVEN MOTLEY; CAROL ADAMS, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF REDDING, CHIEF ROBERT F. PAOLETTI, OFFICER JARED HEBERT, OFFICER WES TOWNSLEY, OFFICER BRANDON LARGENT, OFFICER BECKY ZUFALL, CORPORAL CHRIS JACOBY; and DOES 1-10, inclusive,<br><br>Defendants.<br><hr>S.M-B, a minor, by and through his Guardian Ad Litem DAWN BIANCO, individually and as successor in interest to the estate of STEVEN MOTLEY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF REDDING, a municipal corporation; ROBERT F. PAOLETTI, JARED HEBERT, WES TOWNSLEY, BRANDON LARGENT, BECKY ZUFALL, CHRIS JACOBY; and DOES 1 to25, inclusive,<br><br>Defendants. | Lead Case No.: 2:14 CV-00767 MCE-AC<br><br>(Consolidated Case No.: 2:14 CV-01736-TLN-CMK)<br><br>**ORDER REGARDING JOINT STIPULATION TO DISMISS ACTION WITH PREJUDICE** |

On July 24, 2019, Plaintiffs filed a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a)(i)(A)(ii). (ECF No. 136.) However, the stipulation was conditioned on "the Court's entry of an order retaining jurisdiction to enforce the terms of the parties' settlement agreement[s]." (Id.); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381–82 (1994) ("Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) (which does not by its terms empower a district court to attach conditions to the parties' stipulation of dismissal) we think the court is authorized to embody the settlement contract in its dismissal order or, what has the same effect, retain jurisdiction over the settlement contract if the parties agree.").

The Court has considered parties' condition for continuing jurisdiction, and will grant the request. The Court hereby incorporates the terms of the settlement agreements (ECF Nos. 132 and 133) into this Order, and will retain jurisdiction over the enforcement of the agreements. Kelly v. Wengler, 822 F.3d 1085, 1094 (9th Cir. 2016) ("When a court's order dismissing a case with prejudice incorporates the terms of a settlement agreement, the court retains ancillary jurisdiction to enforce the agreement because a breach of the incorporated agreement is a violation of the dismissal order.").

Thus, the parties' stipulated dismissals become effective, and the Court confirms that the entire action and all parties are dismissed with prejudice.

**IT IS ORDERED:**

Dated: July 25, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SD, lm767